

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00199-CR

_____

ZACHARI JEROD JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 31425

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to a plea agreement, Zachari Jerod Johnson pled guilty to the offense of driving while intoxicated, third or more,[1] and was sentenced to ten years' confinement in prison. Despite the trial court's certification that this was a plea-agreement case and that Johnson had no right of appeal, he timely filed a notice of appeal. Because we find that we are without jurisdiction, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)  . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)  those matters that were raised by written motion filed and ruled on before trial,
>
> > (B)  after getting the trial court's permission to appeal, or
>
> > (C)  where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that Johnson filed a motion that was ruled on before trial, or (3) that Johnson obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Johnson's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, upon proper

---

[1]See TEX. PENAL CODE ANN. § 49.09(b)(2) (Supp.).

certification by the trial court indicating there is no right of appeal, this Court will dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

On January 15, 2026, we informed Johnson of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Johnson did not file a response to our January 15 correspondence.

Because Johnson has no right of appeal due to his plea agreement with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:    February 26, 2026
Date Decided:      February 27, 2026

Do Not Publish